UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY EILENE LYNN,

      Plaintiff,

v.                                                             CASE NO. 3:18-cv-1130-J-JBT

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.
_____/

## **MEMORANDUM ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. In a decision dated December 29, 2017, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 23, 2015, the amended alleged disability onset date, through the date of decision. (Tr. 18–27.)[2] Having considered the parties' memoranda and being otherwise fully advised, the Court

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 11 & 14.)

[2] Although the ALJ's decision refers to the original alleged onset date of disability of May 4, 2011, the ALJ reviewed the medical records only from the amended alleged onset date of July 23, 2015, and the record is otherwise clear that Plaintiff amended her alleged onset date. (Tr. 23, 36, 236.)

concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

I.   **Issues on Appeal**

Plaintiff makes the following arguments on appeal:

I.   The Commissioner failed to analyze the effect of Ms. Lynn's severe, chronic lymphedema on her functioning and incorrectly concluded that the record only contained "limited" objective findings.

II.  The Commissioner improperly analyzed Ms. Lynn's credibility and misstated the extent of her daily activities.

III. The Commissioner failed to adequately explain why she was rejecting the opinion of Dr. Choisser, even though he is the only medical source to issue an opinion as to functioning despite a very complicated medical case. No other physician, examining or nonexamining, ever evaluated Ms. Lynn's limitations.

(Doc. 17 at 1.)

II.  **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions,

however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

   **III.   Analysis**

      **A.   Plaintiff's Lymphedema**

Plaintiff first argues that the ALJ failed to adequately consider her lymphedema and incorrectly characterized the objective findings in the record as "limited." (Doc. 17 at 12–16.) The Court rejects both parts of Plaintiff's argument.

First, any error on the ALJ's part at step two of the sequential evaluation process would be harmless because the ALJ found at least one severe impairment, and therefore proceeded beyond step two.[3] *See Packer v. Comm'r. Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) ("[S]ince the ALJ proceeded beyond step two, any error in failing to find that [Claimant] suffers from . . . additional severe impairments . . . would be rendered harmless.").[4] As the Eleventh Circuit stated in *Flemming v. Commissioner of the Social Security Administration*:

> Even if the ALJ erred in not indicating whether Flemming's psychotic disorder was a severe impairment, the error was harmless because the ALJ concluded that Flemming had two other severe impairments, thereby

---

[3] The sequential evaluation process is described in the ALJ's decision. (Tr. 19–20.)

[4] Although unpublished Eleventh Circuit opinions are not binding precedent, they may be persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. 32.1(a).

3

> satisfying step two. Having found a severe impairment, the ALJ proceeded to step three, and so do we.

635 F. App'x 673, 676 (11th Cir. 2015) (citations omitted).

Second, the ALJ adequately considered Plaintiff's lymphedema. He recognized that Plaintiff alleged that she was disabled in part because of "heavy edema in both legs." (Tr. 22.) He recognized that, at the hearing, Plaintiff testified that she was unable to work in part because of "swelling." (Tr. 23.) The ALJ observed that in August 2015, Plaintiff's physical exam was unremarkable "other than one exam notes non-pitting edema." (Tr. 23.) The ALJ noted that in July and August 2017, Plaintiff complained in part of edema, and that testing confirmed that she had it. (Tr. 24.) In September 2017, a review of Plaintiff's systems "noted edema and bilateral lower extremity cellulitis," and that upon testing, Plaintiff "was morbidly obese and she exhibited lower extremity edema, but remained otherwise unremarkable." (Tr. 24.) The ALJ also observed that the assessment done by Dr. William Choisser did not include lymphedema. (Tr. 25, 1057.) Finally, the ALJ recognized that Plaintiff was "consistently noted to be obese and have lower extremity edema." (Tr. 25.)

Although Plaintiff argues that the ALJ did not fully appreciate the severity of her lymphedema, the ALJ could reasonably conclude that Plaintiff's impairments, including her lymphedema, did not limit her beyond the residual functional capacity ("RFC") assessment, which was very restrictive. (Tr. 22.) In finding Plaintiff not disabled, the ALJ determined that Plaintiff had the RFC:

4

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: sitting for up to one hour at a time, before needing to change position for one to two minutes; standing and walking for no more than 10 minutes at a time, with the use of a quad-cane; and no climbing stairs, crouching, or kneeling.

(Tr. 22.)

Moreover, Dr. Choisser, who examined Plaintiff at the behest of Plaintiff's attorney, did not include lymphedema as one of his impressions, and did not mention it as a basis for the restrictions in his Physical Residual Functional Capacity questionnaire. (Tr. 1062–66.) Finally, the ALJ could reasonably view the objective findings as limited. In her argument, Plaintiff is essentially asking this Court to reweigh the evidence, which is not this Court's function. Therefore, Plaintiff's first argument is rejected.

### B. Plaintiff's Credibility

Next, Plaintiff argues that the ALJ erred in assessing her credibility. (Doc. 17 at 16–21.) "If the ALJ decides not to credit a claimant's testimony about her symptoms, the ALJ 'must articulate explicit and adequate reasons for doing so.'" *McMahon v. Comm'r, Soc. Sec. Admin.*, 583 F. App'x 886, 893 (11th Cir. 2014) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995)). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."[5] *Foote*, 67 F.3d at 1562.

---

[5] "SSR 16-3p rescinded SSR 96-7p, which provided guidance on how to evaluate the credibility of a claimant's statements about subjective symptoms like pain. The new ruling eliminated the use of the term 'credibility' . . . [and] explains that adjudicators will

5

In discounting Plaintiff's credibility, the ALJ relied in part on significant gaps in treatment, routine and conservative treatment by non-specialists, limited objective findings, Plaintiff's acknowledged abilities, and Plaintiff's noncompliance with the recommended treatment of weight loss. (Tr. 25–26.) These are explicit and adequate reasons, supported by substantial evidence, for discounting Plaintiff's credibility. Moreover, the ALJ discounted Plaintiff's credibility only insofar as it was inconsistent with the RFC, which, as noted, was very restrictive. Thus, Plaintiff's second argument is rejected.

### C. Dr. Choisser

Finally, Plaintiff argues that the ALJ erred in discounting the opinions of Dr. Choisser, an examining physician. (Doc. 17 at 21–25.) In order to discount the opinions of Dr. Choisser, the ALJ only had to provide adequate reasons supported by substantial evidence. *See McNamee v. Soc. Sec. Admin.*, 164 F. App'x 919, 924 (11th Cir. 2006) (finding no reversible error "[b]ecause the ALJ gave specific reasons for according no weight to [an examining physician's] opinion, and because the ALJ based his decision on substantial medical evidence").

After noting the restrictive opinions of Dr. Choisser, the ALJ stated:

> The undersigned has considered the assessments and opinions of Dr. Choisser in accordance with the Regulations. This opinion is weighed as a statement from a one-time examining source. The undersigned

---

consider whether the 'individual's statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record.'" *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1308 (11th Cir. 2018) (citations omitted).

> notes that Dr. Choisser's examination records are vastly inconsistent with the longitudinal treatment records and the claimant's acknowledged abilities (i.e. operating a motor vehicle, preparing meals, performing household chores, doing her own laundry, etc. (Exhibit B3E)), and do not corroborate the conclusion of cervical or manipulative limitations. Further, considering her minimal treatment over the prior year (i.e. she sought care for minor conditions, including her stable hypertension, pap, laboratory testing, etc.) and the minimal findings found upon testing (i.e. she was only consistently noted to be obese and have lower extremity edema) (Exhibits B12F, B14F, B15F, and B16F), there are clearly no objective findings indicating that the claimant would be capable of only sitting for 2 hours and standing for less than 1 hour and walking for only 1 hour in a normal workday. However, the undersigned notes Dr. Choisser's opinion concerning the claimant's ability to sit, stand and walk for a single period, as well as her need for a hand held assistive device and inability to perform certain postural abilities appears consistent with the claimant's knee and back degeneration as well as her excessive weight. Therefore, due to the vast inconsistencies and notations above, the undersigned accords only some weight to the opinion of Dr. Choisser as a non-treating general practitioner and incorporates only the portions of his opinion that are consistent with the record as a whole.

(Tr. 25.)

The reasons relied upon by the ALJ to give the opinions of Dr. Choisser "some weight" are adequate and supported by substantial evidence. Although Plaintiff offers a competing view of the evidence, the ALJ's view of the evidence was reasonable. Moreover, the ALJ accepted important restrictions opined to by Dr. Choisser, including Plaintiff's ability to sit for only an hour at a time, and stand

and walk for only 10 minutes at a time with the use of an assistive device. (Tr. 22, 1063–64.) Thus, the Court finds no error.

## IV. Conclusion

The Court does not make independent factual determinations, re-weigh the evidence or substitute its decision for that of the ALJ. Thus, the question is not whether the Court would have arrived at the same decision on *de novo* review; rather, the Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and are supported by substantial evidence. Applying this standard of review, the Commissioner's decision is due to be affirmed.

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **AFFIRMED**.

2. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on April 18, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record